UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CUPIT,

        Plaintiff,

                                       Case No. 06-10548

v.

                                       Hon. John Corbett O'Meara

CHARTER TOWNSHIP OF MUNDY
and RICHARD FROST, individually,

        Defendants.

_____/

**OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO DISMISS**

        Before the court is Defendants Charter Township of Mundy and Richard Frost's Supplemental Motion to Dismiss, filed June 2, 2006. Plaintiff submitted a response on June 22, 2006. Defendants replied on June 29, 2006. For the reasons set forth below, Defendants' motion is denied.

**BACKGROUND FACTS**

        Plaintiff, Richard Cupit, was the fire chief for the Township of Mundy until the township decided not to renew his contract as of December 31, 2005. Cupit began his employment with the township in 1963 and became fire chief in 1988. Defendant Richard Frost is the township clerk.

        During 2004, two of the firefighters that worked for Plaintiff, Dave Curry and Gerald Woodruff, decided to run for local office. Woodruff ran for township trustee as an independent candidate and Curry ran for Defendant Frost's office, township clerk, as a Democrat. Plaintiff

contends that he has a close personal relationship with both Curry and Woodruff. Plaintiff hired Woodruff as a firefighter in 1999. In 2002, Plaintiff named Woodruff the fire department chaplain; and in 2004, Plaintiff hired Woodruff as his personal secretary. Plaintiff hired Curry as a firefighter in 2002 and accompanied him on every fire run Curry went on until the time Plaintiff's employment ended. Neither Curry nor Woodruff worked directly for Frost.

Both Curry and Woodruff ran on a platform that they were more qualified to represent the Township in any capacity than the Defendant. According to Plaintiff, the Mundy Township Board of Commissioners had been heavily criticized during the election year for financial mismanagement.

Plaintiff claims that Woodruff and Curry's decision to run for seats on the Board upset and threatened Defendant Frost, who told Plaintiff in November 2004 that "I don't like the way you are doing business. You should have better control of your people. If you want to play politics, we'll show you politics." In December 2004, Plaintiff approached township treasurer Andrew Lengyel and asked him what he had done wrong. Lengyel told Plaintiff that there was "too much politics in the Fire Department." Plaintiff asserts that he received no negative feedback regarding his performance as fire chief until these comments were made around the time of the November 2004 election.

Shortly thereafter, in January 2005, Defendant Mundy Township's Board of Commissioners, including Defendant Frost, decided not to renew Plaintiff's fire chief contract. At the next board meeting, attended by numerous citizens and over two dozen firefighters, the board "bowed to public pressure" and agreed to a new one-year contract for Plaintiff. In the summer of 2005, however, the township decided to advertise for a new fire chief.

2

The township considered several candidates for the fire chief position, including Plaintiff. At a November 15, 2005, meeting, the board voted against renewing Plaintiff's fire chief contract. Plaintiff claims that the board "made this decision despite an outpouring of support for Plaintiff from fellow firefighters and the community at large."

Plaintiff filed this suit in February 2006, alleging that Defendants retaliated against him in response to the exercise of First Amendment rights by Curry and Woodruff in running for office. Plaintiff also alleges a state claim of age discrimination. In March, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), contending that Plaintiff's First Amendment claim must be dismissed because he was not retaliated against for exercising his own constitutional rights. After a hearing on May 4, 2006, this court denied that motion, and dismissed without prejudice the age discrimination claim.

On June 2, 2006, Defendants filed this supplemental motion to dismiss pursuant to Rule 12(b)(6), contending that Plaintiff's First Amendment claim must be dismissed because political candidacy is not a constitutionally protected right.

## LAW AND ANALYSIS

To qualify for relief under 42 U.S.C. § 1983, a Plaintiff must be the victim of state action that deprived an individual of federal statutory or constitutional rights. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998). Defendant concedes that there was state action in this case but argues that Plaintiff's § 1983 claim fails because 1) political candidacy is not a constitutionally protected right and (2) Plaintiff's complaint is too narrow to suggest the possibility of protection on political speech grounds.

*1. Political Candidacy and the First Amendment*

In support of their position that political candidacy is not a constitutionally protected right, Defendants rely heavily on Carver v. Dennis, 104 F.3d 847 (6th Cir. 1997).  In that case, the plaintiff, a deputy clerk, was laid off after announcing her plan to run for county clerk against the defendant, her boss.  Carver, 104 F.3d at 848.  The parties worked together in a two-person office.  Id. at 849.  The Sixth Circuit granted summary judgment for the defendant, noting, "The First Amendment does not require that an official in Dennis's situation nourish the viper in the nest."  Id. at 853.  Earlier this year, in a case with "virtually indistinguishable" facts, a United States district court in the southern district of Ohio came to the same conclusion, citing Carver as support.  Myers v. Dean, 2006 U.S. Dist. LEXIS 10770, at *9-12 (S.D. Ohio 2006).

In denying Carver's First Amendment claim, the court noted that "the [Supreme] Court has never recognized a fundamental right to express one's political views through candidacy." Carver, 104 F.3d at 850-51 (citing Bullock v. Carter, 405 U.S. 134, 143 (1972)).  However, while other circuits have interpreted this absence of a fundamental right to mean that there can be no constitutional protection for candidacy, see Newcomb v. Brennan, 558 F.2d 825, 828 (7th Cir. 1977) ("[P]laintiff's interest in seeking office, by itself, is not entitled to constitutional protection"), the Sixth Circuit was careful to narrow its holding in Carver. See Carver, 104 F.3d at 849 ("The constitutionality of dismissing Carver, a government employee, for her political beliefs, her expression of those beliefs, or her political affiliations is not before us.").  Subsequently, courts within the Sixth Circuit have cautioned against reading Carver too broadly. See Becton v. Thomas, 48 F. Supp. 2d. 747, 756 (W.D. Tenn. 1999) ("There is no question that the court found no fundamental right to political candidacy.  Nevertheless, the Sixth Circuit clearly had no intention of using the Carver case to resolve the broader question of whether the

4

First Amendment ever provides any protection for an individual's right to run for political office.")

    The facts in this case are clearly distinguishable from those in <u>Carver</u> and <u>Myers</u>.  Here, the firefighters running for office were only tangentially connected to Defendants.  They did not share an office with Defendant Frost, nor did they directly report to him.  And given that Plaintiff, and not the firefighters themselves, was fired, the office-seekers could hardly be considered "vipers in the nest."  Finally, <u>Carver</u> and <u>Dean</u> were both decided on summary judgment, while Defendants in this case ask for dismissal prior to discovery.

    Ultimately, it would be a stretch to interpret <u>Carver</u> to stand for the proposition that the First Amendment cannot protect political candidacy in some situations, and to apply it to this case.  However, as explained below, the court need not reach a conclusion on whether political candidacy alone is a constitutionally protected right in order to deny Defendant's supplemental motion to dismiss.

        *2. Political Speech and the Boundaries of Plaintiff's Complaint*

    Defendants argue that the court need only consider whether there is a constitutionally protected right to candidacy because that is the only abridged right Plaintiff alleges in his complaint.  In evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true the allegations of the opposing party "and when an allegation is capable of more than one inference, it must be construed in the plaintiffs' favor." <u>Sinay v. Lamson & Sessions Co.</u>, 948 F.2d 1037, 1039-40 (6th Cir. 1991).  Leave to amend pleadings is freely given when justice so requires.  Fed. R. Civ. Pro. 15.  Further, this court must "scrutinize with special care any dismissal of a complaint filed under a civil rights statute." <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1180 (6th Cir. 1985).

5

The relevant portions of the complaint are as follows:

> 28. The firefighters under Plaintiff's supervision who chose to run for Township Clerk and Trustee were exercising their First Amendment rights.
> 29. A causal factor behind Plaintiff's discharge was the said exercise of First Amendment rights.
> 30. It is illegal to discharge one employee due to the exercise of First Amendment rights by another.
> 31. Accordingly, Plaintiff hereby asserts a 42 USC §1983 First Amendment claim against Defendant Frost.

According to the Defendant, this language cannot be construed to incorporate political speech as a basis for Plaintiff's claim. Indeed, read narrowly, the complaint's language suggests that the First Amendment right at issue was the act of running for office. However, Plaintiff contends that there is more to the claim. Specifically, he argues that the actions of the firefighters while they were running for office contributed to the Board's decision not to renew his contract. He notes in a supplemental affidavit, "Mr. Curry and Mr. Woodruff each ran on a platform that they were more qualified than the incumbent to represent the citizens of Mundy Township, especially from their precincts, and that the township deserved better government than they were receiving from the incumbents." Thus, when the firefighters chose to run, they were exercising a right to speak out against Defendants.

The possibility of this broader reading of the complaint is enough to trigger the need for discovery in this case. More facts are necessary to determine whether Plaintiff was punished for the firefighters' candidacy, their speech, both, or neither.

## CONCLUSION

The court declines Defendants' invitation to read both Carver and Plaintiff's complaint narrowly. The Sixth Circuit has not clearly indicated that there is no constitutionally protected right to candidacy, or, *a fortiori*, to speech or other expression of opinion supporting the

6

candidacy of another.  Further, the allegations in the complaint may be read to suggest that Plaintiff is claiming a violation of the right to political speech.

Therefore, IT IS HEREBY ORDERED that the June 2, 2006 Supplemental Motion to Dismiss by Charter Township of Mundy and Richard Frost is DENIED.


s/John Corbett O'Meara
United States District Judge


Dated:  July 26, 2006


Certificate of Service

I hereby certify that a copy of this Opinion and Order was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on July 26, 2006.

s/William J. Barkholz
Courtroom Deputy Clerk